The 4th District Appellate Court of the State of Illinois has now convened. The Honorable Robert J. Stagman presiding. Thank you, Mr. Bailiff. Good afternoon, Council. Our first case up this afternoon is 425-0013, People of the State of Illinois v. DeJuan Griffin. I ask for counsel for the appellant. Please state your name for the record, sir. Stephen Richards, I represent DeJuan Griffin. Thank you. And counsel for the appellate, please state your name. My first name, Allison Page, last name Brooks, on behalf of the people. Thank you. Mr. Richards, at this time, on behalf of the appellant, you may proceed, sir. Mr. Richards, can you hear me? Your Honor, I'm not hearing you. You may proceed with your argument, sir. Thank you very much, Your Honor. I don't—there seemed to be a technical glitch at one moment, but I can hear you okay now. But we can hear you, so go ahead. Can you hear me? Yes, we can hear you. Go ahead with your argument, sir. In that case, I'm going ahead. This is DeJuan—the appeal from DeJuan's conviction for first degree murder and UUW and multiple counts of UUW. As you know, he received a very substantial sentence in the Department of Corrections. I will focus on two of my arguments principally. One, that he was deprived of effective assistive counsel by counsel's failure to move to sever the UUW counts from the murder count, and that the trial court erred by not granting an evidentiary hearing on this issue. As you're aware, he was charged with first degree murder— Can you start with that? If there wasn't a motion to sever, why would the trial court have to have an evidentiary hearing? Oh, because at the motion for new trial, where he was represented by new counsel, which was myself, I alleged that there was ineffective assistance of counsel, and I asked for a hearing on the claim of ineffective assistance of counsel. So I'm not saying that there should have been a hearing or an evidentiary hearing on the motion to sever. In fact, the motion to sever did not require an evidentiary hearing. Under case law, that was a gimme. If counsel had moved for it, it would have been granted, and the state then could have chosen to elect on either of the two cases, either the murder or the UUW cases. How do we know that wasn't a strategic decision by trial counsel to give the jury a middle ground for them to reach essentially a compromise on? Well, we don't know that because there is no evidentiary hearing where he would have been questioned about what his strategy was. And in fact, other things that he did would argue that that wasn't his strategy because he strenuously fought to have the evidence as to the guns excluded on the theory that it would be prejudicial, which of course it was. And it was prejudicial as the murder counts because the guns could not be linked to the murder because there was no ballistic evidence showing that they were the murder weapons. So therefore, a large portion of the trial, a major portion, which went down many rabbit holes, such as stealing of the gun and all sorts of other things, and videos showing him with a gun and so forth, that was all a major, major part of the trial and prejudicial to the murder case because as part of the UUW case, the jury had to learn that he had been adjudicated as a juvenile delinquent and that he had a felony conviction. They weren't told what the nature of those charges were, but they were told basically that he was a criminal. So he's going to trial in a case where the jury knows he's a criminal, that he's possessed guns in the past unrelated to the murder, and the murder case is the one that's critical. Also, I would note that had defense counsel wanted to argue, you know, he's not guilty of the murder, but convicted him of the UUW counts, that's a lesser alternative. There's better evidence on that. He could have so argued. But I think if you examine the record, he didn't make that argument in closing argument. He went essentially, as I recall, he didn't really have much of an argument on the UUW counts. He went and just said he was not guilty of the murder. So he certainly wasn't offering the jury that alternative. Now- Counsel, I have a question for you. You appeared as counsel for the defendant at the post-trial motion? I did. It was your post-trial motion? It was. And you raised the question of ineffective assistance of counsel by defendant's trial counsel for not seeking a severance. Is that correct? That's correct as well, Your Honor. Did you ask the trial court for a hearing at which time you wanted to question defendant's trial counsel? I did. And I did that both in the actual written motion and I believe also in oral argument on the motion. And the trial court denied your request? They did. It did.  So and you're arguing to us on appeal that this was ineffective assistance. Is that correct? I am. Who's my question? I don't understand your argument to me and I want you to clarify it. I don't understand your argument to me that the trial court erred by denying your request to examine trial counsel at the hearing on the motion for new trial regarding his failure in your eyes to seek a motion for severance. Are you raising that? Yes. In fact, in my point, which I have in front of me, it says defense counsel is ineffective for failing to move to sever the UUW by felon counts of the indictment from those murder counts and at a minimum, an evidentiary hearing should have been granted on this issue. Is that one of the issues you raised in your brief? I did. It's in part for not conducting an evidentiary hearing on this point. Yes, if you read point 1, it's made in the heading. And then if you look at the at the end of the argument, therefore, the case should be. Sounds like you frozen on your link counsel. Well. Mr. Oh, Mr. Richards, are you back now? I think you were frozen. We couldn't hear you. I am. Okay, you're frozen as to me as well. Well, apparently we're back in. Getting together. What did your. Did your statement of your 1st argument on this point. Say, the trial court aired by not granting your. First for hearing. Yeah, I had read it. Before, but I read it again. It's. The statement of the 1st point says the council is ineffective for failing to move to sever the by phone counts. Of the indictment from the murder counts that are in a minimum. An evidentiary hearing should have been granted on this issue. And it also says in the body, the court did not grant the request. Clients, so I'm clearly contesting them, not granting it. I say it 3 times and the point ending. In the body, and in the end, we didn't hear you there. Just. Okay, I, by the way, I'm just moving the computer. To a different place on the theory that. I'm going to get better reception. Can you hear me now? Yes. Yeah, I just want to make sure I frankly did not understand that you had been arguing. But the trial court air, but not conducting a hearing. I thought you were just talking about the. Motion to sever as being ineffective assistance accounts. So that's the 1 you to clarify. Yeah, I think it's clear enough from the brief. I don't think that the state argued. That I didn't argue that so I think that's should be clear. Okay, go ahead with your argument council. Okay. So. In terms of prejudice, that's not really an issue in these cases because. Obviously, if the motion had been made, it would have been granted. And that would raise as a reasonable probability that had the murder trial had the murder case been tried 1st, which is most likely. That there would have been a different outcome because the jury wouldn't have learned about all these guns. So, I think that's sufficient to reverse the case for an evidentiary hearing on this issue. The attorney may be able to explain himself and then we'll see. Now, the 2nd issue, if I may, before you continue counsel, please, I'm sorry, just a story. Would you like to go ahead? You go right ahead? Probably going to say the same thing. Well, I wanted to focus it and just circle back. I think you mentioned this earlier, but 2 of the cases you rely upon 1 is is the case and the other was the Edwards case. And I think you mentioned that in Utley, there are some differences because defense counsel, they're stipulated to the prior convictions in order to mitigate their impact on the jury. But it also seems to me that people versus Edwards is distinguishable because they did move for severance in that case. So, why should we deem that to be distinguishable? Well, Edwards is distinguishable because Edwards is not an ineffective assistance of counsel case. Edwards is the foundation case where defense counsel did move to sever and the Supreme Court held he should have been granted a severance. But it's not an ineffective assistance of counsel case. It's important because it establishes the principle that you get an automatic or at least a semi automatic severance in these instances. But it's it's not dispositive because it doesn't deal with ineffective assistance of counsel. I hope I've answered your question. It does. That helps me frame your reference to the case. I guess. Okay. Okay. Justice, if already go ahead with your question, sir. Sure. My question is whether the evidence of his ownership of several guns that were consistent, although not. Specifically identified as the murder weapon, but consistent with being the murder weapon would not have come into evidence regardless of whether the other charges the charges were in the case or not. Possible, but had it just come in as evidence rather than in support of a charge, the jury would not have learned that he'd been a delinquent and a felon. So that's a huge difference. And like in. Wasn't there a stipulation here to avoid details about the. The specific details of the crimes. There was. Yeah, there was, but it's obvious also that the actual. You know, guns were being referred to. And in this particular case, the jury would have learned both that he's delinquent, which is not a good thing. And that he was a felon also not a good thing. So, and had he tried the case without testifying. Which he didn't testify as it as it happened, the jury wouldn't have learned anything about his background whatsoever. So that's a major difference. Now, if I may go to my 2nd issue, which is just 1, I want to go back to the 1st, if this court were to agree with you that the trial court should have granted your request for a hearing. On your post trial motion on which you asserted that trial counsel was ineffective for failure to move for severance. What should be our appropriate response? It seems to me that. It'd be a stretch to reverse on that basis, but are you instead asking for a remand for a hearing at which time a record could be made on what was the understanding and thinking and reasons behind trial counsel's actions. Yes, and the way I think you would do it, which I think is generally what happens in these cases is. You retain remand retaining jurisdiction over the remaining issues. If you don't resolve them right now, and then after the hearing. I would follow a new notice of appeal. The case would come back up. And you would consider the record of the adventure hearing together with the other issues. Go ahead with your argument. Thank you. With respect to the 2nd issue. I admit this issue is novel. And I was partially, I guess, inspired by it or move towards it because I've done a number of civil cases recently and post conviction cases in which. It has been established that in those cases, you can call witness. Have the witness take the 5th or question witness and have the witness take the 5th. And there can be an inference against the witness, not against the defendant that the witness has, in fact, committed a crime or is. Or would have, or the answer to the question would have hurt them because they had committed a crime. So, my argument is this principle should be applied. To witnesses in criminal cases, not to defend it. But to witnesses, particularly where. The witnesses are being called by the defense and not the state. And the defendant has a. Right to present. Evidence in a criminal case rights that the prosecution doesn't have. In total, and in the same way. Now, to decide this, this issue, your honors will have to make a decision as to whether I'm right or wrong. There's very little Illinois authority on it. There's some US authority, but very old. I would suggest that in this instance, it was particularly important. Because the state did call the witness, not the defense. The witness was probably 1 of the worst witnesses. Ever to grace a criminal courtroom. I think we can all agree. He didn't remember anything. He didn't know anything. He was inconsistent, whether he remembered or he knew. He was impeached multiple times with his recorded statements. And when asked about whether he had a gun. He took the 5th. It was then pointed out that he didn't have a 5th amendment, right? With respect to the gun. That question, and he, I think, gave his usual. I don't remember. And then he was asking me for a moment. When the defender was when the witness was told he didn't have a 5th amendment, right? Was that in front of the jury? I, that I can't remember exactly what happened was he was 1st. I believe he was appointed counsel on it. He was either appointed counsel with respect to the gun. Or possibly with respect to the murder, but he took the 5th as to both. He wasn't able to maintain the assertion as the gun. Because the statute of limitations had passed. As the murder, of course, upon him as a witness. By saying something like. He shouldn't be believed or is asserting the 5th amendment diminishes his credibility. The trial court never did that. No, okay. Another question about all this is. Is my understanding correct? The trial court did this also a sponte that is the state never asked for any relief. Absolutely, and throughout the proceedings, the state's position was kind of. I, I, I'm not criticizing the most kind of laissez faire. It was kind of like whatever and it was the trial court who sort of jumped on it and said we can't It denies, you know, there's no inference to be made from it. It's totally neutral. It has no question. You're an experienced criminal defense counsel. Thank you challenging the ruling by the trial court. But then again, how much more. Could the defense counsel in fact. Question argued this various point to the jury, then what he in fact did. Well, I think the, the line came when he was allowed to mention the invocation. Just mention it and he was supposed to mention it once and he violated that and mentioned it a number of times. I will say that attorney Garfinkel is a courageous and forceful advocate. What? Go ahead. Who often gets into it with trial judges and I'll just I'll just leave it at that. And he got into it. The trial judge in this instance. But when the push came to shove and he tried to argue that this was the murderer, because he had taken the fifth, which was the essential point that objection was sustained. He was admonished and he didn't go any further. So he wasn't able to complete the argument. Actually, Mr. Richard, I think. What he said was, I'm not going any further. I don't think he was restricted by the trial judge so he sort of agreed to this parameter mentioning it once. But then he blew past it and did it 5 or 6 times. And then when the judge, when he gets called on it on the objection, he says, I'm done. I'm not going anywhere. I'm not sure I see where the trial court really restricted him. In terms of that comment. I think if you look more carefully, you'll see that there's at 1 point. I think it's confusing because there seems to there's off the record discussion of it. But which is not recorded by the court reporter. But it seems. To the last comment, he did shut himself down. And the judge did tell the jury objection sustained as the last comment. So I think he was the totality of circumstances. He was shut down and he didn't go further. He certainly didn't go where he wanted to go. And that was obvious from the beginning where he wanted to go. That this guy is the murderer because he took the 5th. What difference does it make if the judge sustained an objection to a question? He said he wasn't going to pursue. Well, I don't think he forfeited or acquiesced. I think the jury heard that the objection was sustained. And therefore, they wouldn't have drawn the inference. Which is what he had been arguing for consistently. From the beginning in the teeth of. I would say militant opposition from the trial judge. Your time is almost up. I want to ask you 1 additional question with regard to your request. To question trial counsel on the severance issue. Your request was denied by the trial court. Did the court provide any explanation on the record or to you as to why? No, I don't believe so. I mean, there's no the judge said the claim of ineffective assistance was denied. But on the record, I don't. I'm almost certain he did not provide an explanation for denying that request. Okay, thank you. Counsel Miss Brooks on behalf of the state. You may make your argument at this time. Thank you. Your honors may it please the court and counsel. Um, I'd like to address the 2nd argument 1st, because that's what we're just talking about. The trial court actually, I think I said my brief quoted it. He said, I'm not going to allow you to argue that somebody that pleads the 5th is obviously guilty of something. So there was a limitation there for the court, but. The key is the defense said agreed agreed. That's at record 1105 to 1106. I mean, so the defense attorney that was not Mr Richards here. It was a prior attorney. Um, he acquiesced to this limitation. So that's invited error at most. That's not something he can argue on appeal. If he wants to argue that that was ineffective to agree to the limitation, that was something that he could possibly do. But in terms of arguing that the limitation itself was error, that's invited because the defense acquiesced to this limitation. So the defense counsel had denied that he was going to say that Jones was guilty because he pleaded the 5th Amendment. I have a question about this. My first question is. What business is it of the trial court to sue a spot? They raise this issue. The state's not the potted plant. This is its case. If the state is concerned about prejudice or improper questioning or something, it can raise it. I'm troubled by the trial court doing this to a spot that I'm not sure the point it was making was correct. What, after all, interest is it of a witness himself that he might be viewed in a bad light? Frankly, I think the law simply doesn't care when it's a trial. The law is concerned about the parties, but this is just some witness. And I'm troubled that the court is doing this to a spot and that the court's limitations, I think, are not correct. What's your thoughts about that? Well, I believe that the trial court was trying to be sensitive to the witnesses' invocation of constitutional rights and extending that through the content of the defense's closing argument. So I think that a court can try to see that everybody's rights are respected. But here's the problem with that. The court said, you've got no 5th Amendment right at this point. As a matter of fact, when I was a trial judge, I was rather less sensitive and told them I'm going to put them in prison if they didn't answer the questions. He didn't do that. But the point is, when the judge has said you have no 5th Amendment right, why is the court now concerned about possible negative inferences that the jury might draw about this guy who's disobeying the court and not answering questions? Well, the 5th Amendment right as to the gun, which the counsel had mentioned was outside the statute of limitations or as to the murder, which is if the witness does have a 5th Amendment right that's valid to not answer questions about the murder. And so if you... Why is the court raising this sua sponte? Well, I believe the court wants to make sure that the witnesses' rights are respected. And if that includes appointing counsel for a witness who may have a 5th Amendment privilege to assert and making sure that he has an opportunity to consult with counsel and whether he wants to intelligently exercise his rights, his privilege under the 5th Amendment. Okay, that's a generous assessment. I suppose that's legitimate. But once this is all done, the court sua sponte is raising the question about what the prosecutor may argue. Why is this? You can't argue that only guilty people assert the 5th Amendment. Why is that the court's business? I'm sorry, Mike, I need to understand the context of your question. Are you talking about the closing argument? Yes. Okay. The trial court sua sponte jumps in and tells the defense attorney about limitations on his closing argument regarding the exercise of the 5th Amendment by the witness. Where's this coming from? The state didn't ask for any relief. Well, again, I believe because the trial court may hold the view that the witness has a 5th Amendment constitutional right to respect and therefore that that limitation, that respect should carry over to the content of the defendant's closing argument. It's black letter law all the way back to 1943 under Johnson v. United States. A claim of privilege is not part of the evidence and no inferences can be drawn from the legal assertion of witness of his constitutional rights. It's black letter law that this is not part of... A witness, not the defendant, a witness. Right. The witness's invocation of privilege is not part of the evidence and no inferences can be drawn, 1943 United States Supreme Court. I think what the trial court just wanted to see is that make sure that the defense isn't interjecting any improper commentary on something that's not part of the evidence. Essentially, the defense got here a windfall in the sense that witness should not have actually been forced, as the trial court recognized, to invoke the 5th Amendment privilege before the jury. And then getting to actually mention to the jury that the witness had taken the 5th, none of this should have actually happened if it had been handled properly, that the jury would have never learned the witness had invoked the 5th and the defense would have been able to make any points onto this. So essentially, they got something they weren't even entitled to. And to claim... If the issue is concern about the witness's rights, why would the rule be different in a criminal case as opposed to a civil case? Because as far as the witness is concerned, the effect on the witness would be the same, which is that he's invoking his right because of a concern about how the testimony could be used in a different case. What difference does it make to the witness? If the witness is a party or an employee of an organization that's being defendant in a civil lawsuit or something, the adverse inference rule, I believe, is to sort of penalize civil litigants from hiding behind the shield of the 5th Amendment in response to allegations of wrongdoing. Wow, we've completely flipped now on the sacrosanct reason why a witness might invoke the 5th Amendment. Now they're hiding behind it. Well, potentially, I'm just saying is that the civil rule is a different policy than in the criminal context. But for the witness, it doesn't matter. The witness is on the stand. It could be in a civil courtroom. It could be in a criminal courtroom. Shouldn't there be one rule? We either can or cannot comment on the inference to be drawn from the witness's invocation of the 5th Amendment. Well, the policy that's been expressed by the U.S. Supreme Court in the criminal case context is that this is not something that can be commented on because it's not, there's no inferences properly to be drawn from it. There's no legitimate inference to be drawn from a witness's invocation of a privilege in a criminal context. But there is in the civil side. There are different policies that apply in a civil case. That's true. And then, obviously, courts- It goes to the litigants. I'm just trying to understand why would we have a different policy for a witness? Why does it matter to him? I'm not sure the answer to the question. I just know that the court was just following black letter law here and making sure that the defense would not be allowed to interject an improper part of the case that was not part of the evidence and had no legitimate inferences to be drawn from. And the fact is that the defense got to do more than they should have been allowed to do, and he still got convicted. So to think that somehow this was handled improperly and as a reason to grant him a new trial, when he was already convicted, when he got more he should have than he was legally entitled to under black letter law, I think that's not a proper reason to grant a new trial, especially when the defense attorney had affirmatively acquiesced into the trial court's limitation and then even pushed the boundary of that. So it just doesn't seem like this is something that could be granted a new trial on because of the invited error rule, especially. Mr. Richard's a bunch of questions as you heard about his request for post-trial motion to have a hearing at which time he could question trial counsel on the question of why he sought not to have a severance in support of Mr. Richard's claim that this was ineffective assistance of counsel. The first question is, is Mr. Richard's correct as how he described the circumstances at the post-trial motion? And secondly, are you aware of any reason or explanation that the trial court provided for denying Mr. Richard's request? Well, with the exception of that second part with respect to what the trial court said in response, the trial courts, everything else, I believe that counsel said is correct. But the trial court ruled here is that it was a matter of trial strategy. Also, the verdict would not have been different even if the charges had been severed. So I think it gets to this idea of Strickland that we don't have intrusive post-trial inquiry into matters of strategy to the extent that the case could easily be disposed of on the ground of lack of sufficient prejudice. So here the trial court had found a lack of sufficient prejudice for that reason, the intrusive post-trial inquiry into the attorney's strategy was not warranted. So the defendant has a burden under Strickland of showing both prongs, which is the deficient performance prong and the prejudice prong. And the failure on the prejudice prong, I think makes it unnecessary for the trial court to have investigated the matter of trial strategy. So it's your position then that Judge Yoder would have understood this is an ineffective assistance of counsel claim under Strickland and that apparently you're saying that even articulated this claim would fail under the prejudice prong because of the strength of the state's case against the defendant? Yes, and the trial court said that the evidence was substantial. It came from multiple sources. It's obvious here that the trial court deemed the fact that this jury learned in the murder case that the defendant was a felon would not have affected the result. And therefore there's no reasonable probability of an acquittal essentially. That's the standard here. The defendant has to show his burden to show a reasonable probability that he would have been acquitted had the evidence that he was a felon had not been introduced because the charges would have been severed and then his felon status would not have come into the murder trial. If that, I mean, he doesn't have to show a reasonable probability the charges would have been severed. He also has to show, I mean, he could have done that, but he has to show most importantly that a reasonable probability he would have been acquitted of the murder had the charges been severed. So I think he's correct that the charges would have been severed, but that's not enough for Strickland prejudice. He also has to show a reasonable probability of an acquittal. And we have the witness Jada Prakasim who saw the shooter with dreads and defendant, the video surveillance was there too. And the defendant was the only of the three is standing in front of the victim with dreads. He's also one of the three people running away. We have at least, I think the defendant is one of the recantation witnesses, but admitted substantively Arianne Powell's recorded statement identified defendant as the shooter. We got Keris Jones hearing defendant confess to the shooting afterwards. So there's substantial evidence the defendant was the shooter. And so therefore he's not entitled to a new trial on the basis of ineffective assistance of counsel claim. Now, obviously if- I guess I want to make it clear your position is then that the trial court in its remarks at the hearing of the post-trial motion sufficiently articulated that defendant's ineffective assistance claim fails under the second prong of Strickland? And under both prongs, but obviously, I mean, if this court finds the failure to sever charges under the facts of this case to be prejudicial, but finds an inability to satisfy sort of like on this record, because there was no hearing on the evidentiary hearing where the counsel was questioned post-trial and this court is left with just merely the presumption of trial strategy, then the defendant obviously would be filing a post-conviction petition alleging counsel was ineffective. This court would be deferring it to post-conviction because if the failure to sever was in fact prejudicial, but he can't meet- he can't overcome the presumption of trial strategy, then he's going to get an opportunity in post-conviction. But of course, if this court wanted to revand for the evidentiary hearing on the post-trial motion, either way, the defendant would get his other day in court to try to show that a prejudicial error by the defendant, if he proves it's prejudicial and if the court agrees- if this court agrees with him, then he would have an opportunity to demonstrate that his attorney was incompetent and failed to provide a valid strategy. Although here, the presumption of trial strategy was a much stronger- I believe the Brown case had sort of criticized Utley for not properly respecting the presumption of trial strategy because Utley was kind of an extreme case where it's a habitual criminal case, underlying charge is possession of the same type of contraband that the defendant has a prior conviction for. So therefore, that's the type of thing that would be severed out. Because it's the same contraband, so the idea that the jury is going to learn that he has a history of possessing the same contraband with which he's currently charged, I think that makes that a much more obvious situation where severance is closer to the point where maybe Utley almost said is- I mean, they didn't say it, but I think the way Utley could be read is that the strategy not to sever would be so unreasonable under those exact circumstances as to be unreasonable and overcome the presumption of strategy. So here, one of the strategies is to avoid giving the prosecution two bites at the apple, so to speak, giving the prosecutor a second opportunity to sort of shore up their case and try a different charge. The other thing is the opportunity here of giving the jurors a compromise verdict, even if it wasn't affirmatively argued about, at least a competent attorney could understand that there's a possibility here that jurors might not like want to let this defendant walk away entirely, but then realize, oh, well, yeah, we have this other charge we can agree on and then acquit above the murder. And if that's something that leases the back of the mind of the attorney, that's definitely something that a competent attorney could reasonably think about when deciding not to serve these charges. Thank you for your response. You may continue otherwise with your argument. Okay, thank you. Essentially, that was the extent of my arguments on those issues, and I have no other arguments to make on the remaining issues, so I just request this court to affirm. Okay, thank you. Mr. Richards, any rebuttal arguments, sir? Very short. As to the point about acquiescence to the trial judge, I was trying to think when I'm getting a little bit old of the leading case on the issue of whether there's circumstances where there's no waiver where the trial judge spontaneously says something and there's no opportunity to contradict the trial judge or to make the point, and that waiver is not enforced in those instances. One instance I can think of, and again, I can't reel out the cases for you at the moment, is cases where the trial judge intervenes in the trial by questioning witnesses, for example, in such a way that the judge becomes an advocate. In many of those cases, the courts have held that there's no waiver because there's kind of no point in disputing with the judge because the judge has become an active player. There's a difference between not disputing and saying agreed. And I think you've accurately described trial counsel. He seems like he would not be shy to disagree if he disagreed. Well, it's clear that he disagreed, and I think he tried to push the boundaries of the envelope, but you can see that at the last point where the objection is sustained, at that point...  after he says, I'm not going any further. Yeah, that is true, but I think had the judge not intervened, which in our view is error, and brought up the whole issue, he would not be in that position. As you can say, he was, to his credit, fighting with the judge tooth and nail, but on that one point, the judge prevailed, and the jury did not hear that evidence. I'd also... on this point, I'd also just like to underline that in terms of the witness's rights, if Jones took the fifth in the criminal trial, he could never have been charged based on taking the fifth as a defendant. So he was in... you know, his... he had a right, and the right was respected, and he asserted the right, but there was no reason to keep... to prohibit the jury from drawing the logical or illogical inference from the assertion of his right, and therefore error was committed. So with... and now as to the prejudice, as to the severance, I agree with counsel that you have to show a reasonable probability of a different outcome, and that would be more than the motion being granted, but reasonable probability of the outcome, as your honors know, is not, in a Strickland context, likelihood of a different outcome or probability of a different outcome. It's a probability, and maybe that word was misused in the context of the rule, probability sufficient to undermine confidence in the outcome, and confidence is undermined in this instance. It was a very confusing, disputed case with recantations. The witness who said that there was a confession was also saying that my client was covered with blood, which was impossible, and my client was not charged by accountability, so any of the people involved in the melee could have been the shooter and not him, and for all of those reasons, we had asked for reversal on the grounds we have stated. Thank you, counsel. Before concluding, I want to mention that the court, and particularly I, asked a lot of questions of you both, and I appreciate your sound responses. It's always a pleasure and help to this court when both counsel are responsive, listen to the questions asked, and respond appropriately, and I thank you, Ms. Brooks, and you as well, Mr. Richards. With that, then, the court will take this matter under advisement, issue a decision in due course, and will now stand in recess.